STATE OF MONTANA,
　　　　　　　Plaintiff,　　　　　　　　　　　　　　NO. 10221
　　vs.　　　　　　　　　　　　　　　　　　　　　　DECISION
Mark Wayne Goss, Sr.,
　　　　　　　Defendant.

On February 14, 1996, the Court found the defendant in violation of the conditions of his suspended sentence and it is the judgment of the Court that defendant's prior suspended sentence is hereby revoked and that the defendant be and he is hereby committed to the Department of Corrections for a term of twenty (20) years on Count I: Criminal Possession of Dangerous Drugs with Intent to Sell, a Felony; for suitable placement, which may include an appropriate community based program, facility, or a State correctional institution. (The sentence on Count V has expired.) Due to the defendant's failure to comply with the terms and conditions of his suspended sentence while under the supervision of the Department of Probation and Parole, the Court finds that he is not entitled to receive, and shall not receive, credit for any elapsed time between the date of his conviction and the date of this Order, except that he shall receive credit from May 18, 1992, through June 1, 1992; and from January 19, 1996, through date of sentencing, February 14, 1996, for forty-two (42) days jail time which he has previously served.

On May 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 23rd day of May, 1996.

DATED this 4th day of June, 1996.

　　　　　　Chairman, Hon. Ted O. Lympus
　　　　　　Member, Hon. Jeffrey M. Sherlock
　　　　　　Member, Hon. William Nels Swandal

The Sentence Review Board wishes to thank Mark Goss for representing himself in this matter.